USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _3/3/0X_

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

LEONARD R. KAHN,

                Plaintiff,

- against -

OPPENHEIMER & CO., INC., ET AL.,

                Defendants.

08 Civ. 11368 (JGK)

**MEMORANDUM OPINION**
**AND ORDER**

**JOHN G. KOELTL, District Judge:**

Pro se plaintiff Leonard Kahn brings this action against the defendants, Oppenheimer & Co. Inc. ("Oppenheimer"), TD Ameritrade, Inc. ("TD Ameritrade"), Wachovia Bank, National Association ("Wachovia"), and the City of New York, alleging counts of conversion, extortion, "civil rights violation," and "violation of the plaintiff's constitutional rights preamble 'secure blessings of liberty.'" The plaintiff cites 28 U.S.C. § 1337 as the basis for federal jurisdiction in the case. Oppenheimer and TD Ameritrade move to dismiss the plaintiff's Complaint because the Court lacks subject matter jurisdiction or, in the alternative, because the Complaint fails to state a claim upon which relief can be granted. Wachovia joins in the motion to dismiss.

The motion to dismiss to the Complaint is **granted** because there is no subject matter jurisdiction in this case. First, 28 U.S.C. § 1337 provides for federal jurisdiction only in cases "arising under any Act of Congress regulating commerce or

1

protecting trade and commerce against restraints and monopolies," and the Complaint does not assert a claim for relief under any such federal statute.  There is also no diversity of citizenship jurisdiction under 28 U.S.C. § 1332 because § 1332 requires complete diversity, but the plaintiff, Oppenheimer, and TD Ameritrade are all citizens of New York and are therefore not diverse.  Lastly, federal question jurisdiction under 28 U.S.C. § 1331 is also lacking because the Complaint does not assert a cause of action under any federal statute.  Additionally, while the Complaint purportedly alleges causes of action for "civil rights violation" and for the violation of his constitutional rights, to the extent the plaintiff is attempting to sue under 42 U.S.C. § 1983, these allegations do not state causes of action against Oppenheimer, TD Ameritrade, and Wachovia because those defendants are private entities, and there is no claim that they were acting under color of state law.

Dismissal of the Complaint would also be warranted at this stage because the Complaint has not alleged sufficient facts to "state a claim to relief that is plausible on its face."  See Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). Accordingly, the plaintiff's Complaint is **dismissed without prejudice to the filing of an Amended Complaint within thirty**

(30) days of the filing of this Order.

SO ORDERED.

Dated: New York, New York
       March 3, 2009

John G. Koeltl
United States District Judge