**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
―――――――――――――――――――――――――――――――――
**LEONARD R. KAHN,**

                    **Plaintiff,**           08 Civ. 11368 (JGK)

      - against -                  **MEMORANDUM OPINION AND**
                                                           **ORDER**
**OPPENHEIMER & CO., INC., ET AL.,**

                    **Defendants.**
―――――――――――――――――――――――――――――――――
**JOHN G. KOELTL, District Judge:**

     Pro se plaintiff Leonard Kahn ("the plaintiff") brings this action against the defendants, Oppenheimer & Co., Inc. ("Oppenheimer"), TD Ameritrade, Wachovia Bank, and the City of New York, alleging counts of conversion, extortion and fraud, civil rights violations, violations of the constitutional preamble's right to "secure the blessings of liberty", conversion of social security checks, and violation of FDIC and SIPC rules. The plaintiff cites 28 U.S.C. § 1337 as the basis for federal jurisdiction in the case.

     This Court dismissed without prejudice the original Complaint in this action upon Oppenheimer, TD Ameritrade, and Wachovia's motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. See Kahn v. Oppenheimer & Co., Inc., No. 08 Civ. 11368, 2009 WL 529245, at *1 (S.D.N.Y. Mar. 3, 2009). The Amended Complaint (called the "First Amendment" by the

plaintiff) alleges many of the same claims and the same jurisdictional basis.  Oppenheimer, TD Ameritrade, and Wachovia again move to dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim upon which relief can be granted.  The City of New York likewise moves to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that the plaintiff has failed to allege properly a claim under 42 U.S.C. § 1983 pursuant to Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978).[1]

I.

When presented with motions under both Federal Rule of Civil Procedure 12(b)(1) to dismiss for lack of subject matter jurisdiction and Rule 12(b)(6) to dismiss for failure to state a claim upon which relief can be granted, the Court must first analyze the Rule 12(b)(1) motion to determine whether the court has the subject matter jurisdiction necessary to consider the

---

[1] Oppenheimer, TD Ameritrade, and Wachovia filed their motion on April 16, 2009.  The City of New York filed its motion on June 4, 2009.  The Court twice extended the plaintiff's time to respond to the motions until September 3, 2009 and warned the plaintiff that if he failed to respond, the Court would decide the motions based on the papers that have been filed.  The plaintiff has not responded and indeed the City of New York has informed the Court that the plaintiff has instead filed a new Complaint with substantially the same allegations in the United States District Court for the District of Utah.

merits of the action.  See Rhulen Agency, Inc., v .Alabama Ins. Guar. Ass'n, 896 F.2d 674, 678 (2d Cir. 2000); see also, Tsering v. Wong, No. 08 Civ. 5633, 2008 WL 4525471, at *1 (S.D.N.Y. Oct. 3, 2008).

In defending a motion to dismiss for lack of subject matter jurisdiction, the plaintiff bears the burden of proving the Court's jurisdiction by a preponderance of the evidence. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).  In considering such a motion, the Court generally must accept the material factual allegations in the Complaint as true.  See J.S. ex rel. N.S. v. Attica Cent. Sch., 386 F.3d 107, 110 (2d Cir. 2004).  The Court does not, however, draw all reasonable inferences in the plaintiff's favor.  Id.; Graubart v. Jazz Images, Inc., No. 02 Civ. 4645, 2006 WL 1140724, at *2 (S.D.N.Y. Apr. 27, 2006).  Indeed, where jurisdictional facts are disputed, the Court has the power and the obligation to consider matters outside the pleadings, such as affidavits, documents, and testimony, to determine whether jurisdiction exists.  See APWU v. Potter, 343 F.3d 619, 627 (2d Cir. 2003); Filetech S.A. v. France Telecom S.A., 157 F.3d 922, 932 (2d Cir. 1998); Kamen v. Am. Tel. & Tel. Co., 791 F.3d 1006, 1011 (2d Cir. 1986).  In so doing, the Court is guided by that body of decisional law that has developed under Federal Rule of Civil Procedure 56.

Kamen, 791 F.2d at 1011; see also Tsering, 2008 WL 4525471, at *1.

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the allegations in the Complaint are accepted as true.  Grandon v. Merrill Lynch & Co., 147 F.3d 184, 188 (2d Cir. 1998).  In deciding a motion to dismiss, all reasonable inferences must be drawn in the plaintiff's favor.  Gant v. Wallingford Bd. of Educ., 69 F.3d 669, 673 (2d Cir. 1995); Cosmas v. Hassett, 886 F.2d 8, 11 (2d Cir. 1989).  The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient."  Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985).  The Court should not dismiss a claim if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant[s] are liable for the misconduct alleged."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); see also Heller Inc. v. Design Within Reach, No. 09 Civ. 1909, 2009 WL 2486054, at *1 (S.D.N.Y. Aug. 14, 2009).

In deciding the defendants' motion to dismiss, the Court may consider documents attached to the Complaint or incorporated

in it by reference, matters of which judicial notice may be taken, or documents that the plaintiff relied upon in bringing suit and either are in its possession or of which it had knowledge. See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2000); see also Heller, 2009 WL 2486054, at *1.

While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 129 S. Ct. at 1940; see also Port Dock & Stone Corp. v. Oldcastle Ne., Inc., 507 F.3d 117, 121 (2d Cir. 2007); Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 236, 240 (2d Cir. 2002); Heller 2009 WL 2486054, at *1.

The pleadings and allegations of a pro se plaintiff must be construed liberally for the purposes of Rules 12(b)(1) and 12(b)(6). See McKithen v. Brown, 481 F.3d 89, 96 (2d Cir. 2007) (quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006)); Weixel v. Bd. of Educ. Of City of New York, 287 F.3d 138, 145-46 (2d Cir. 2002). Additionally, the submissions of a pro se litigant should be interpreted to "raise the strongest arguments that they suggest." Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)); see also Tsering, 2008 WL 4525471, at *2.

Oppenheimer, TD Ameritrade, and Wachovia's motion to dismiss for lack of subject matter jurisdiction is granted. Moreover, the Amended Complaint fails on the merits.

**A.**

28 U.S.C. § 1337 provides for federal jurisdiction only in cases "arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies," and the Amended Complaint does not assert a claim for relief under any such federal statute.  28 U.S.C. § 1337.

There is also no diversity of citizenship jurisdiction under 28 U.S.C. § 1332 because § 1332 requires complete diversity, but the plaintiff, Oppenheimer, and TD Ameritrade were all citizens of New York at the time the Complaint was filed.  See 28 U.S.C. § 1332; Herrick Co. v. SCS Commc'n, Inc., 251 F.3d 315, 322 (2d Cir. 2001) (federal diversity jurisdiction requires complete diversity between adverse parties).  The plaintiff has moved to Florida since the time of filing this suit, but that fact does not confer subject matter jurisdiction upon this Court.  See Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 570-571 (2004) (it is "hornbook law" that federal jurisdiction depends on the state of things at the time the action is filed).

6

Finally, federal question jurisdiction under 28 U.S.C. § 1331 is also lacking because the Amended Complaint does not assert a cause of action under any federal statute. Additionally, while the Amended Complaint purportedly alleges causes of action for "civil rights violation[s]" and for the violation of his constitutional rights, to the extent the plaintiff is attempting to sue under 42 U.S.C. § 1983, these allegations do not state causes of action against Oppenheimer, TD Ameritrade, and Wachovia.  Those defendants are private entities, and there is no claim that they were acting under color of state law.  See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999) (§ 1983 claim requires showing that defendants acted under color of state law).

Moreover, the plaintiff has failed to state a claim upon which relief could be granted.  He has failed to allege sufficient facts to allege a plausible claim for the violation of any federal statute. See Twombly, 550 U.S. at 547 (to survive motion to dismiss, complaint must allege "enough facts to state a claim to relief that is plausible on its face"); see also Iqbal, 129 S. Ct. at 1949.

**II.**

The City of New York moves to dismiss the Amended Complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that the plaintiff has failed to allege properly a claim under 42 U.S.C. § 1983 pursuant to Monell, 436 U.S. at 658.

"Municipalities may be sued directly under § 1983 for constitutional deprivations inflicted upon private individuals pursuant to governmental custom, policy, ordinance, regulation, or decision." Batista v. Rodriguez, 702 F.2d 393, 397 (2d Cir. 1983) (citing Monell, 436 U.S. at 658). Municipalities are not subject to liability under theories of respondeat superior, but rather theories that their policies or customs "inflict[ed] the injury upon the plaintiff." Id. "To hold a city liable under § 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." Id.; see also Caceres v. Port Auth. Of New York & New Jersey, No. 06 Civ. 1558, 2008 WL 4386851, at *8 (S.D.N.Y. Sept. 24, 2008).

The plaintiff has failed to allege any plausible claim for the violation of a constitutional right. In any event, the plaintiff has failed to allege any custom or practice that would make the City of New York liable under Monell.

8

The plaintiff has not sought leave to amend, nor has the plaintiff suggested how his Amended Complaint might be amended to cure the defects. Moreover, this Court has already dismissed the original Complaint in this action and the plaintiff has failed to respond to the motions to dismiss. Under all the circumstances, the Amended Complaint should be dismissed with prejudice. See Abu Dhabi Commercial Bank v. Morgan Stanley & Co., No. 08 Civ. 7508, 2009 WL 3346674, at *2 & n.14 (S.D.N.Y. Oct. 15, 2009) (dismissal with prejudice appropriate after plaintiff has opportunity to amend and amended complaint fails to correct deficiencies) (collecting cases).

## CONCLUSION

The Amended Complaint is **dismissed with prejudice**. The Clerk is directed to enter judgment and to close this case. The Clerk is directed to close Docket Nos. 31 and 36.

SO ORDERED.

Dated:   New York, New York
         December 1, 2009

                                        John G. Koeltl
                                        United States District Judge